UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RICHARD DOWNES,

                      Plaintiff,

               -against-

JOHN E. POTTER, Postmaster General,

                    Defendant.
-------------------------------------------------------------X

**ORDER**
CV 04-3876 (LDW)(ARL)

**LINDSAY, Magistrate Judge:**

     Before the court is the defendant's letter application dated October 31, 2005, seeking to compel the plaintiff to provide information regarding his prior and subsequent employment and to provide authorizations for his employment records. The defendant argues, in his application, that information regarding the plaintiff's prior and subsequent earnings are relevant to the plaintiff's claim for damages and his mitigation of damages.[1] The defendant opposes the motion by letter dated November 10, 2005. The plaintiff contends that he has provided the defendant with sufficient information concerning his earnings from the Varsity Bus Company, his current and prior employer, by providing his W-2 statements for 2000, 2002, 2003 and 2004 and authorization for his income tax returns for 2000 through 2004.

     The court agrees that the plaintiff's W-2s and income tax returns should provide the defendant with sufficient information on the issue of damages and mitigation. However, to the extent it has not been provided, the plaintiff should provide the defendant with his W-2 for 2001 and when available for 2005, as well as an authorization for his 2005 return. Also, to the extent that the defendant believes that the plaintiff has provided inconsistent information concerning his summer employment and second job, the defendant may serve the plaintiff with additional written interrogatories seeking to clarify the plaintiff's summer employment schedule and his attempt, if any, to look for a second job.

Dated:  Central Islip, New York  
          November 16, 2005

**SO ORDERED:**

_____/s/_____  
ARLENE R. LINDSAY  
United States Magistrate Judge

---

[1] The defendant also argues that the information sought is relevant to the plaintiff's "work performance" and, although not argued, cites to a case in which a court compel the production of records reflecting a prior claim of discrimination. Based on the information before it, the court does not believe that documents of this nature are relevant to the claims or defenses asserted in this case.