UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RICHARD DOWNES,

                      Plaintiff,

           -against-

JOHN E. POTTER, Postmaster General,

                     Defendant.
----------------------------------------------------------------X

**ORDER**
CV 04-3876 (LDW)(ARL)

**LINDSAY, Magistrate Judge:**

Before the court is the defendant's letter application dated November 28, 2005, seeking to have the court reconsider its November 16th order that denied the defendant's motion to compel. The plaintiff opposes the motion for reconsideration by letter dated December 6, 2005.[1] For the reasons set forth below, the motion for reconsideration is granted and the plaintiff is directed to provide the defendant with information regarding his prior employment and an authorization to obtain his prior employment records.[2]

**BACKGROUND**

On September 9, 2004, the plaintiff, Richard Downes, commenced this action against the defendant, John Potter, the United States Postmaster General, alleging that the United States Postal Service discriminated against him on the basis of race when it terminated his employment from the Mid-Island P&D Center in Melville. The defendant contends that the plaintiff was terminated during the probationary period for failing to read his work instructions properly. By

---

[1] The defendant's December 7, 2005 request to submit a reply to the plaintiff's opposition is denied.

[2] The court notes that the defendants' initial request was to compel information regarding the plaintiff's prior and subsequent employment. The defendant's motion for reconsideration, however, addresses only the plaintiff's prior employment. Accordingly, the court will only reconsider its decision concerning the plaintiff's prior employment.

letter dated October 31, 2005, the defendant sought to compel the plaintiff to provide information regarding his prior and subsequent employment and to provide authorizations for his employment records. The defendant argued that information regarding the plaintiff's prior and subsequent employment is relevant to the "plaintiff's claim of damages and his mitigation of damages, as well as relevant to work performance." Specifically, the defendant argued that the plaintiff had provided contradictory testimony at his deposition regarding his summer employment and his attempts to look for additional work after returning to his prior employer. The defendant also noted that the plaintiff had objected to the defendant's request for information concerning the plaintiff's current business address, telephone number and supervisor.

The plaintiff opposed the motion by letter dated November 10, 2005. The plaintiff argued that he had provided the defendant with sufficient information concerning the issue of mitigation. In this regard, the plaintiff stated that he had provided the defendant with his W-2 statements for 2000, 2002, 2003 and 2004 and authorization for his income tax returns for 2000 through 2004. Based on the defendant's arguments, the court found that the plaintiff's W-2s and income tax returns would provide the defendant with sufficient information on the issue of damages and mitigation and only directed the plaintiff to provide the defendant with his W-2 for 2001 and when available for 2005, as well as an authorization for his 2005 return. In addition, the court permitted the defendant to serve the plaintiff with additional written interrogatories seeking to clarify the plaintiff's summer employment schedule and his attempt, if any, to look for a second job. The defendant then moved for reconsideration of that order, the motion that is now before the court.

## DISCUSSION

In support of its motion for reconsideration, the defendant now provides the court with

three pages of argument focused on the plaintiff's credibility and problems with his prior employment. The defendant does not, however, cite to any of the rules governing motions for reconsideration, which is the threshold issue the court must address. Under Local Civil Rule 6.3, motions for reconsideration must be accompanied by "a memorandum setting forth concisely the matters or controlling decisions which [the moving party] believes the court has overlooked," and such motions are assessed under a very strict standard. *See Virgin Atlantic Airways, Inc. v. National Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992). To begin with, the defendant failed to provide the court with a memorandum, choosing instead to move by letter application. Moreover, to succeed on such a motion, the movant must demonstrate (1) an intervening change of controlling law, (2) the availability of new evidence not previously available, or 3) the need to correct a clear error or prevent manifest injustice. *See Construction Indus. Corp. v. Hanover Ins. Co.,* 206 F.R.D. 43, 53-54 (E.D.N.Y. 2002). At best, the defendant's argument falls under the third category. The court finds that defendant has not demonstrated that the earlier order represents clear error given that the defendant's arguments were limited to the mitigation argument set forth above. Although the motion for reconsideration could be denied on this basis alone, the court will nonetheless address of the new arguments made by the defendant to prevent manifest injustice.

The crux of the defendant's reconsideration argument is that the plaintiff's prior employment records are relevant because the defendant has reason to believe that they contain information that would have led to the plaintiff's termination. Although, the defendant acknowledges that the plaintiff was terminated because he failed to pick up mail at one of his two required locations, the defendant argues that the Postal Service could have terminated the plaintiff because he lied on his application regarding his criminal history. In support of this argument, the

defendant has also indicated that the plaintiff's prior employer has expressed a willingness to discuss adverse information it has with the Postal Service. The defendant is correct that evidence of the plaintiff wrongdoing may make certain remedies unavailable. *See Greene v. Coach, Inc.,* 218 F. Supp. 2d 404, 412 (S.D.N.Y. 2002)(after-acquired evidence of employee wrongdoing will make ceratin remedies unavailable where wrongdoing was of such severity that employee would have been terminated).

Further, the court does not find the plaintiff's arguments with respect to Evergreen Bus Service and Meyers Transportation to have merit. If in fact, the plaintiff is correct that because Evergreen is defunct no records exist, the defendant's search will be futile. But, the court will permit the defendant to try to obtain the records. Finally, the fact that the defendant was not aware that the plaintiff was working at Meyers transportation is irrelevant to the after acquired evidence analysis. Accordingly, upon reconsideration, the court finds that the plaintiff's prior employment records may be relevant to the defendant's mitigation defense.

Also before the court is the plaintiff's request for an extension of the discovery deadlines to January 13, 2006.[3] That request is granted. All discovery, inclusive of expert discovery, must be completed by January 13, 2006. Any party planning on making a dispositive motion shall take the first step in the motion process by January 27, 2006. The final conference scheduled for January 16, 2006 is adjourned to February 8, 2006 at 2:00 p.m. The parties are directed to

---

[3] The plaintiff's letter application dated December 14, 2005 seeking to compel the deposition of Gladys Posey is withdrawn. *See* O'Neil letter also dated December 14, 2005.

electronically file the proposed joint pretrial order prior to the conference.

Dated: Central Islip, New York
       December 20, 2005

**SO ORDERED:**

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge